# Work *versus* Work.

Where land was taken at a valuation in the Orphans' Court, by A. for himself, and in trust for B., and both subsequently sell to C., who is afterwards appointed executor of the will of A., and in that capacity settles an account in the Orphans' Court; in that account the individual liability of C. to B., or his vendee for the purchase money, was not involved, and the decree of the Orphans' Court on the account, will not preclude the assignee of B. from recovering from C. in his individual capacity, any amount due by him on account of his purchase of the land; and, in that suit, the proceedings on his account as executor, were not admissible in evidence.

ERROR to the Common Pleas of *Fayette county.*

A suit was brought in the name of Alexander Work for the use of James F. Canon against Andrew M. Work, (who was plaintiff in error,) to recover a balance of purchase money for land sold by John Work to the said Andrew M. Work.

A verdict was rendered in favor of the plaintiff below, for $337.26.

John Work, deceased, took part of his father's real estate, (a farm and mills,) at the valuation of $3000, upon proceedings in the Orphans' Court, for himself and his brother, Alexander Work. John Work and Alexander Work could not pay the heirs their purparts; and they sold the farm to their brother, Andrew M. Work, the defendant below and the plaintiff in error in this case. Some time after, John Work, one of the tenants in common, died, and made his brother, Andrew M. Work, one of his executors. Andrew M. Work then occupied two relations, that of executor, and also vendee of the land. He was compelled to settle his administration account, which was referred to an auditor, *who charged him*

[Work *v.* Work.]

*with the balance due of purchase money of the land.* Before the auditor, amongst other matters, A. M. Work insisted that his mother's dower was a lien on the land, and that he ought to retain for it. But the auditor decided the point against him, which was confirmed by the court, and is unappealed from. Alexander Work, the surviving owner of the land, assigned the balance of the purchase money to Canon, who had paid off one of the heirs his purpart, which was a lien on the land, in order to satisfy it, and which A. M. Work was bound to pay. This suit was brought in the name of Alex. Work, for the use of Canon, to recover the balance of purchase money due for the land.

Bills of exception were taken by the plaintiff in error to the admission of the auditor's report, and the assignment from Work to Canon.

GILMORE, J., charged, *inter alia :*

Alexander Work, for the use of James F. Canon, now seeks to recover the balance of purchase money in the hands of Andrew M. Work. The defendant objects, and among other matters, alleges that he has been compelled to extinguish the widow's dower, which was secured by recognizance, and for this he has paid $300. But *the question of this lien was before the auditor and passed upon,* and the court charge that in this action the decree of the Orphans' Court confirming this report is conclusive in this action, and the correctness of the auditor's decision cannot be questioned in this suit, and that if the jury believe that Alexander Work was tenant in common with his brother, John Work, in this land, part of which was sold to Andrew M. Work, he, as survivor, could maintain this action of debt, to recover from the defendant . the balance of any purchase money remaining due and unpaid, *and that the auditor's report fixing the amount, and the decree of the court confirming the report, is conclusive.* The court, therefore, charge you, that the auditor does pass upon the question, whether the recognizance securing the widow's dower is a lien, and decide that it is not, and that no deduction should be made to the accountant on this account, and that this report, having been confirmed, *is conclusive.* Therefore, the only question for your determination is, whether Alex. Work was tenant in common with his brother, and for the proof of this you are referred to the evidence, &c.

It was assigned for error, that the court erred in admitting in evidence the report of the auditor, and in admitting the assignment of Alexander Work to Canon.

The case was argued by *Howell,* with whom was *Oliphant,* for plaintiff in error, defendant below.—He contended, *inter alia,* that if the balance belonged to Alexander Work, plaintiff below, he should have appeared before the auditor and objected to its being charged against defendant below, as executor.

[Work *v.* Work.]

*J. H. Deford,* with whom was *A. Patterson,* for defendant in error.—The auditor's report was offered merely as record evidence of the amount of purchase money due for the land.

The opinion of the court was delivered by

GIBSON, C. J.—This action is brought by an equitable tenant in common, as a substitute for a bill in equity, to recover his share of the price of land sold by his co-tenant and trustee of the legal estate. The plaintiff and his trustee, the defendant's testator, accepted a part of their intestate father's real estate at the valuation in the Orphans' Court; but as the choice was made by the testator, as the actor, the title was vested in him exclusively. The foundation of the claim is a resulting trust in a moiety of the land sold by the testator. In equity, the brothers were tenants in common, the testator being a trustee of the plaintiff's moiety. This is the aspect in which the case must be viewed, to found the action. The testator sold the whole, with the plaintiff's assent, to another brother, the defendant, who purchased with notice of the trust, and, at the testators's death, became his executor. The subject of the action, therefore, had no connexion with the subject of the defendant's administration account; and how it could have been involved in the settlement of it and the decree of confirmation, it is impossible to tell. No part of the assets could come to the plaintiff; and in that respect the case is stronger than Weiting *v.* Nissley, 1 *Harris* 650, in which the party entitled to the estate was not bound by the settlement, because the Orphans' Court had not jurisdiction of the particular matter. In the present case, the defendant is sued for a debt said to be due by him, not as an executor, but as a purchaser of the plaintiff's equity; and whether the plaintiff was in truth an equitable owner; whether the defendant had paid over the purchase money in ignorance of the trust; or whether it was still in his hands—no matter whether as purchaser or executor—were questions which could not be agitated at the settlement of the administration account. They are questions which cannot arise in any case specified in the nineteenth section of the act of 1836, by which the jurisdiction of the Orphans' Court is limited and defined. They arise in England only on a bill in equity between vendor and vendee; and here, only in an equitable action, as a substitute for it. The present is such an action, and there consequently can be no question about survivorship of remedy. If the plaintiff's money is in the defendant's hands—no matter how—he must pay it without regard to the claims of the testator's creditors, because it is no part of the assets. View the case as if the vendee and the executor of the vendor were different persons, and as if the legatees were attempting to surcharge the administration account with the entire price of the land: what would the plaintiff, a stranger to the will, and the vendee, equally so, have to do with it? Neither

[Work *v.* Work.]

would be estopped by the decree, because neither would be a party to it.  The defendant happens to be both purchaser and executor; but a man's acts take their character and consequences from the capacity in which they were done.  Even if he could have been a party to the decree as a purchaser, the plaintiff was not a party to it as a vendor; and it is a trite rule of evidence that a party who would not have benefited by a judgment had it been in his favor, shall not be prejudiced by it as an estoppel when it is against him. The admission of the Orphans' Court proceedings in evidence, therefore, and the direction consequent on it, were erroneous.

Judgment reversed and *venire de novo* awarded.